96 F.3d 1451
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
GOLDEN EAGLE INSURANCE COMPANY, a California corporation,
Plaintiffs-Appellants,
v.
VALLEJO DEVELOPMENT CO., et al., a California corporation, Defendants,
and
First Nationwide Financial Corporation, et al.,
* Defendants-Appellees.
No. 94-15864, 94-15865, 94-15866, 94-15867, 94-15868,
94-15869, 94-15870, 94-15871, 94-15900, 94-15963,
94-15965.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 14, 1995.
Decided Sep. 03, 1996.
 
 Before: NORRIS, BEEZER, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Golden Eagle Insurance Co. brought suit in the district court to foreclose certain mechanics' liens claims. The district court granted summary judgment for the defendants on the ground that Golden Eagle is not entitled to equitable subrogation as a matter of law. According to the district court, when Golden Eagle paid the debts for which it was liable as a surety, the debts--and the liens which were accessory to the debts--were extinguished. The district court concluded that "[i]n such circumstances, no interest in the property remains to be transferred by assignment, by subrogation, or otherwise." Order granting summary judgment, filed Dec. 17, 1993, at 11. We review the district court's grant of summary judgment de novo, Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), and we reverse.
 
 
 3
 The parties agree that under Golden Eagle Ins. Co. v. First Nationwide Financial Corp. and Golden Eagle Ins. Co. v. GDC/Broadmoor/Vallejo Assocs., 26 Cal.App. 4th 160, 31 Cal.Rptr.2d 815 (Cal.Ct.App.1994) ("First Nationwide "), Golden Eagle's payment of its obligation to the lien claimants did not render Golden Eagle ineligible for equitable subrogation under California law. See id. at 167 (the rights of a surety who has made a payment under a statutory payment bond " 'must be measured by the application of equitable principles in the first instance, his recovery being dependable upon a right in equity, and not by virtue of an asserted legal right under an assignment.' " (quoting Meyers v. Bank of America Nat'l Trust & Sav. Ass'n, 11 Cal.2d 92, 96-97, 77 P.2d 1084 (Cal.1938)).
 
 
 4
 As a prerequisite to being allowed to recover through equitable subrogation, a surety must establish that allowing such a claim will "not work any injustice to the rights of others." Caito v. United Cal. Bank, 20 Cal.3d 694, 704, 144 Cal.Rptr. 751 (Cal.1978) (citation omitted); Continental Ins. Co. v. Morgan, Olmstead, Kennedy & Gardner, Inc., 83 Cal.App.3d 593, 602, 148 Cal.Rptr. 57 (Cal.Ct.App.1978). Thus the right of subrogation "may be invoked against a third party only if he is guilty of some wrongful conduct which makes his equity inferior to that of [the subrogee].' This is the so-called 'doctrine of superior equities.' " First Nationwide, 26 Cal.App.4th at 171 (citation omitted); see also Meyers, 11 Cal.2d at 102 (denying right of subrogation to surety on employee bond when the surety sought to recover from innocent drawee bank the proceeds of payments on checks forged by the bonded employee).
 
 
 5
 California law recognizes that equitable considerations favor permitting a surety to pursue subrogated mechanic's lien claims against a property owner if the property has been improved but the owner has not paid the agreed consideration for the improvements. First Nationwide, 26 Cal.App.4th at 175. In First Nationwide, the California Court of Appeal acknowledged that First Nationwide Financial Corp.FC was not obligated to make any payments to the general contractor, Vallejo Development Co. (VDC), because VDC did not have a valid contractor's licence as required by Cal.Bus. & Prof.C. § 7031. Id. at 174-75. Nonetheless, this did not end the inquiry. As the court explained, the lienors, being duly licensed and "not in pari delicto" with the general contractor, would have been entitled to enforce their mechanics' liens. Id. at 174. In these circumstances, equitable subrogation was appropriate:
 
 
 6
 It may be necessary to confer a windfall upon the owner of the improved property in order to enforce the licensing statute against a contractor who violates its provisions, but it is not necessary to confer that same windfall at the expense of either a licensed subcontractor which has performed the work or the surety which has advanced payment to the subcontractor. Permitting [Golden Eagle] to enforce the subrogated claim will not requireFC to pay any amount that it would not have been obligated to pay under the prime contract. If there were deficiencies in performance that reduced or eliminated the amount owed, they will be available as a defense to the subrogated claim. However, ifFC has not paid the agreed price for the improvements that were made to its property, there is no reason why [Golden Eagle] should be compelled to absorb the cost of those improvements.
 
 
 7
 Id. at 175; see also United States Fidelity & Guar. Co. v. Oak Grove Union Sch. Dist., 205 Cal.App.2d 226, 233, 22 Cal.Rptr. 907 (Cal.Ct.App.1962) (when owner makes premature payments to contractor in disregard of timely stop notice, "even though doing so unintentionally," if the surety pays subcontractors it is thereafter subrogated to the subcontractors' rights).
 
 
 8
 Appellees attempt to avoid First Nationwide 's holding in two ways: First, they argue that in First Nationwide, the Court of Appeal went further than California Supreme Court precedent, in particular Meyers, 11 Cal.2d at 92, permits. We disagree. Meyers states that the right of subrogation "involves a consideration of, and must necessarily depend upon the respective equities of the parties." 11 Cal.2d at 102. In denying equitable subrogation against the bank, the Meyers court noted that the bank had "received no benefits" from the transactions that caused the surety's loss. Id. First Nationwide 's determination that the equities favor a surety in a situation where the property owner stands to obtain an avoidable windfall, 26 Cal.App.4th at 175, is not inconsistent with Meyers.
 
 
 9
 Second, appellees argue that allowing Golden Eagle to recover through subrogation would, in fact, provide a windfall to Golden Eagle because it would allow Golden Eagle to recover any payment it had to make on the bond even though Golden Eagle collects premiums as compensation for the risk of such liability. The Court of Appeal in First Nationwide explicitly rejected this argument:
 
 
 10
 [I]f the owner has not paid the agreed price for the improvements that were made to its property, there is no reason why the surety should be compelled to absorb the cost of those improvements. While the surety received a fee for accepting this risk, the surety's rate structure will depend on the magnitude of the risk which it assumed, and there is no good reason why the risk should encompass the possibility of an avoidable windfall to the property owner.
 
 
 11
 Id.
 
 
 12
 As the party claiming to be equitably subrogated to the lienors' rights, Golden Eagle bears the burden of establishing that subrogation will "not work any injustice to the rights of others." Caito, 20 Cal.3d at 704; Continental Ins. Co., 83 Cal.App.3d at 602. Although the parties agree that the property owners did not breach any contractual obligation to VDC (because payment was not contractually due at the time of the work stoppage), they also acknowledge that the property owners received the value of the improvements without making any payments for them. See Golden Eagle Ins. Co. v. American Sec. Co., Superior Court of California, County of Solano, No. 116 926, Joint Statement of Undisputed Facts, filed May 26, 1995.[1]
 
 
 13
 The summary judgment in favor of appellees is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.
 
 
 
 *
 Defendants-Appellees First American Title Insurance Co., et al., and Counter-Claimant-Appellee Resolution Trust Corporation, were dismissed pursuant to F.R.A.P. 42(b) by order of this Court on Nov. 14, 1995
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 First Nationwide's Request for Judicial Notice pursuant to F.R.Civ.P. 201 is granted. First Nationwide's Motion to Augment the Record on Appeal is also granted